**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| GUY JARRETT, | : | Case No. 1:22-cv-456 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| LARRY GREENE, *et al*., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Guy Jarrett is an inmate at the Southern Ohio Correctional Facility ("SOCF"). He has filed in this Court a pro se Complaint alleging violations of his civil rights (Doc. 1), and a Motion for a temporary restraining order and preliminary injunction (Doc. 2). The case, opened on the Court's docket on August 8, 2022, has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges. Given the posture of the case, no response to the Complaint or the Motion has yet been filed.

Plaintiff's Motion seeks immediate relief from the Court. (Doc. 2). He alleges in the Complaint that he has been subject to retaliation, discrimination, cruel and unusual punishment, and deliberate indifference to his mental health and safety, and has also been denied due process and all access to the courts. (Complaint, Doc. 1, PageID 6). These allegations stem from events in July 2022, where—Plaintiff alleges—a corrections officer planted contraband in his cell. (*Id.* at PageID 3-4; *see also* Conduct Report, attached to the Motion, Doc. 2, PageID 18). As a result, and after a disciplinary hearing at the Rules Infraction Board ("RIB"), Plaintiff was given what

he characterizes as "overwhelming" or "excessive sanctions," including, among other things, 25 days of restrictive housing and periods of restriction from his phone/tablet, J-Pay, video and physical visits, commissary, and television. (Complaint, Doc. 1, PageID 4-6). The RIB also indicated that Plaintiff would have a SMP (or Serious Misconduct Panel) Review, which he says is "to raise my level from 4-A to 4-B." (*Id*. at PageID 4; *see also* Disposition of the Rules Infraction Board, attached to the Motion, Doc. 2, PageID 19-20). The SMP Review hearing had not been held as of July 28, 2022, the date Plaintiff signed and submitted the Complaint. (Doc. 1, PageID 9, 11).

In his motion, Plaintiff asks for a temporary restraining order and preliminary injunction for two purposes: "to stay any execution of a 4-B placement level increase, and to uplift all excessive sanctions that have been placed in [his] disciplinary files and grant Plaintiff access to courts and his phone." (Doc. 2, PageID 14). With respect to the second request, Plaintiff alleges that he "has been denied any and all access to the courts, case law, legal research, and any contact with his criminal attorney" by the RIB sanctions, which will negatively impact ongoing proceedings in his state criminal case and a to-be-filed habeas corpus petition. (*Id*. at PageID 15). Notably, Plaintiff includes a single assertion in his Motion that "he has suffered a serious physical injury being denied all access to courts and his attorney," (*id*. at PageID 16), but the nature of the alleged "serious physical injury" is not further explained in the Motion or in the Complaint. The Complaint alleges that Plaintiff has "suffered psychologically, mentally and emotionally," as well as economically, but it does not detail any physical injuries. (*See* Complaint, Doc. 1, Section 7 concerning "Injuries," at PageID 9).

The purpose of a temporary restraining order ("TRO") or a preliminary injunction is "to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter &*

*Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996) (concerning TROs); *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (concerning preliminary injunctions). "The same standard generally applies to temporary restraining orders and preliminary injunctions." *Hairston v. Sparks*, No. 1:22-cv-104, 2022 WL 1046367, at *2 (S.D. Ohio Apr. 7, 2022) (citing *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008); *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).

"A district court must balance four factors in determining whether to grant a preliminary injunction: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.'" *Cameron v. Bouchard*, 815 F. App'x 978, 983 (6th Cir. 2020) (quoting *Am. Civil Liberties Union Fund of Mich. v. Livingston Cty.*, 796 F.3d 636, 642 (6th Cir. 2015)). "These factors are not prerequisites which must be met, but are interrelated considerations that must be balanced together." *Northeast Ohio Coal. for Homeless*, 467 F.3d at 1010 (quoting *Mich. Coal of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

In deciding if a preliminary injunction or TRO is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).

Moreover, when a prisoner requests an order enjoining a state prison official, the Court must

"proceed with caution and due deference to the unique nature of the prison setting."  *White v.*

*Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing

*Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th

Cir. 1995)).  A preliminary injunction is an "extraordinary and drastic remedy" and should "only

be awarded upon a clear showing that the plaintiff is entitled to such relief."  *S. Glazer's*, 860

F.3d at 848 (quoting *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Winter v. Nat. Res. Def.*

*Council, Inc.*, 555 U.S. 7, 22 (2008)).

Both requests in Plaintiff's Motion (Doc. 2) should be denied.  As to the first—his

request that this Court stay execution of a placement level or security classification level[1]

increase—he has not addressed any of the relevant factors discussed above.  Plaintiff does not

say what a change in his security level from 4-A to 4-B would entail, or how it would cause

irreparable injury that could not be remedied after trial.  In this respect, the Undersigned notes

that Plaintiff has no *constitutional* right to any particular security level, undermining any

argument that he has a strong likelihood of success in connection with this first request.  *See*

*Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) (citing *Montanye v. Haymes*, 427 U.S.

236, 242 (1976)) ("a prisoner does not have a constitutional right to placement in any particular

prison . . . or in a particular security classification"); *see also Roundtree v. Dunlap*, No. 3:18-cv-

1198, 2019 WL 3252912, at *4 (N.D. Ohio July 19, 2019) (rejecting claim "that defendants

violated [plaintiff's] constitutional right to due process because he was placed in a higher

security classification as a result of a false conduct report and unsupported conviction of assault

---

[1] Plaintiff may be referring to the Security Classification Levels described in the Ohio Department of Rehabilitation and Correction's Policy No. 53-CLS-01, "Security Classifications for Incarcerated Persons Levels 1 Through 4," available at https://drc.ohio.gov/policies/classification (accessed August 9, 2022).

after a RIB hearing"); *Thompson v. Oppy,* No. 1:15-cv-621, 2017 WL 6154402, at *1-2 (S.D. Ohio Dec. 8, 2017) (prisoner transferred between institutions failed to state a viable § 1983 claim with respect to his allegation that his security classification was increased without due process).

With respect to Plaintiff's second request—that this Court lift the sanctions imposed on him by the RIB—he focuses on only the second factor discussed above concerning whether he would suffer irreparable injury absent injunctive relief.  (Doc. 2, PageID 15).  *See Cameron*, 815 F. App'x at 983.  Plaintiff asserts that under the RIB sanctions, he cannot contact or pay his attorney, access the courts, or research for his cases.  (Doc. 2, PageID 15-16).  He expresses particular concern that if he does not call or pay his attorney the remaining $46,000 of his $50,000 legal fee, Plaintiff's legal matters might be abandoned and dismissed.  (*Id.*; Doc. 1, PageID 5, 9).

The Undersigned is not convinced that this concern merits extraordinary relief here. First, the RIB sanction itself does not reflect that Plaintiff has been barred from "all access to courts" or to his attorney.  (Doc. 2, PageID 19).  Rather, it appears that one avenue of communication has been closed; he "cannot use my phone tablet for 6 months" to call his attorney.  (Doc. 1, PageID 9; Doc. 2, PageID 15-16, 19).  There is no allegation that Plaintiff cannot write to his attorney, or that his attorney cannot write to him.  The status of his attorney's ability to visit is unclear.[2]  Moreover, Plaintiff's claim that he has lost "all access" to the courts is undermined by the fact that he did, in fact, access this Court.  He filed this lawsuit just days after the RIB imposed these restrictions.  (*See* Doc. 1, PageID 4, 11 (the RIB hearing occurred on July 19, 2022; Plaintiff submitted his Complaint on July 28, 2022)).

---

[2] The RIB Disposition notes a 90-day visiting restriction, as well as a "2 year visiting restriction (Immediate Family Only)."  (Doc 2, PageID 19).  In any event, Plaintiff's concern does not appear to be that his attorney cannot visit him, but that Plaintiff cannot call his attorney.

Finally, neither a TRO nor a preliminary injunction is warranted on Plaintiff's second request because the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held, *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)—would not be served.  According to Plaintiff, the status quo is that the RIB has imposed restrictions on him in violation of his constitutional rights.  (Doc. 1, PageID 4).  Lifting those restrictions would change, rather than preserve, the status quo.  Plaintiff's request is for an Order requiring defendants to affirmatively correct alleged constitutional deficiencies that have not yet been proven.  "Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief."  *Perry v. Warden Warren Corr. Inst.*, No. 1:20-cv-30, 2020 WL 1659875, at *2 (S.D. Ohio Mar. 30, 2020), *report and recommendation adopted*, 2020 WL 4022225 (S.D. Ohio July 16, 2020) (citing *Southern Milk Sales*, 924 F.2d at 102).

For all of these reasons, extraordinary relief is not warranted.  The Undersigned accordingly **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for a temporary restraining order and preliminary injunction.  (Doc. 2).

## <u>Notice Regarding Objections to this Report and Recommendation</u>

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or

6

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

August 15, 2022                              *s/Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             UNITED STATES MAGISTRATE JUDGE