UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GUY JARRETT, | Case No. 1:22-cv-456 |
| Plaintiff, | McFarland, J. |
| v. | Bowman, M.J. |
| LARRY GREENE, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

More than three years ago, on August 8, 2022, Plaintiff Guy Jarrett filed a pro se civil rights complaint against multiple institutional defendants at the Southern Ohio Correctional Facility ("SOCF"). More than eighteen months ago, Plaintiff's case was dismissed based on his failure to timely serve the defendant or to return a summons form to this Court so that service could be effected by the U.S. Marshal.

Plaintiff recently filed a motion to vacate the entry of judgment and reopen this case. Plaintiff's motion should be DENIED.

**I.  Background**

Upon initial review of Plaintiff's complaint, the undersigned filed an Order and Report and Recommendation ("R&R") that recommended the dismissal of all claims and all defendants but for a single substantive due process claim – that Corrections Officer Jerrika Leasure planted a large amount of drugs in his cell in July 2022. The R&R noted that after the complaint was submitted, ODRC records suggested that plaintiff had been transferred to the Toledo Correctional Institution, (Doc. 5, PageID 33.) Based on judicial notice of that information, the Court instructed the Clerk to mail an additional copy of the

R&R and other documents (including a blank summons form) to Plaintiff at the Toledo Correctional Institution in addition to the address listed on his complaint. (*Id.*, PageID 56.)

The Order explained that Plaintiff was responsible for timely serving the sole Defendant against whom any claim was permitted to proceed.

> Plaintiff is responsible for having the Summons and Complaint served on Defendant Leasure within the time allowed by Fed. R. Civ. P. 4(m) and must furnish the necessary copies to the person who makes service. Fed. R. Civ. P. 4(c)(1). If Plaintiff wishes to have the Clerk serve process, he shall submit to the Clerk the following documents within THIRTY days: a completed Summons Form, a copy of the Complaint, and an addressed envelope bearing sufficient certified mail postage to serve the Summons and Complaint.

(*Id.*, PageID 56-57.) Based on the date of the October 24, 2022 Order, the summons form, copy of the complaint, and envelope with sufficient certified mail postage were to be filed not later than November 23, 2022. The Order also instructed Plaintiff to "keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred." (*Id.*, PageID 57.)

Nearly a year after the summons forms were due, on October 10, 2023, Plaintiff was directed to "Show Cause" why his case should not be dismissed for failure of service of process. (Doc. 7.) Plaintiff failed to file any response. Therefore, on November 28, 2023, the undersigned recommended dismissal of Plaintiff's case without prejudice based on the failure of service of process. (Doc. 8.) Plaintiff failed to file any objections. On January 23, 2024, the Court adopted the R&R and entered judgement, dismissing Plaintiff's case without prejudice for failure of service of process. (Docs. 9, 10.)

Eighteen months after judgment was entered, on July 25, 2025, Plaintiff filed a "motion for leave to reopen" his case and a request for new copies of a summons form and a U.S. Marshal 285 form through which he can perfect service on Defendant Leasure.

Two years and nine months after the November 2022 deadline for effecting service on his own or returning a completed summons form, on August 21, 2025, Plaintiff tendered a completed summons form and U.S. Marshal Service Form 285 for Defendant Leasure to the Clerk of Court. (Doc. 12.)

II.     Analysis

This case was dismissed without prejudice on January 23, 2024. (Doc. 10). Out of the multiple claims and defendants identified in the original complaint filed more than three years ago, only one claim asserted by Plaintiff against a single defendant survived initial screening. That claim, for a substantive due process violation under 42 U.S.C. § 1983, arose from an incident that allegedly occurred in July 2022.[1]

For the nearly eighteen-month period during which this case remained pending, Plaintiff never once contacted this Court to update his address, even though the Court took pains to send Plaintiff duplicate copies of the initial screening R&R and Order to the address listed in state correctional records. After the case was dismissed, another eighteen months passed before Plaintiff filed his "motion to reopen." In other words, nearly three years elapsed between the date that Plaintiff first made contact with this Court to file his compliant and the date that he next made contact to "reopen" his case. That passage of time alone is sufficient to deny Plaintiff's motion. Plaintiff's only basis for seeking to set aside the existing judgment is his vague assertion that he "has been moved around so many different times since the filing of this suit I never received any orders …

---

[1] A dismissal of a case without prejudice does not preclude the refiling of the same case. However, any new case involving the same substantive due process claim against Defendant Leasure would likely be time-barred, insofar as the statute of limitations for § 1983 claims filed in Ohio is two years.

and did not willfully refuse to comply with any orders or show cause hearings." (Doc. 11, PageID 73.)

The original basis for judgment was Plaintiff's failure to timely effect service under Rule 4(m), Fed. R. Civ. P. The rule states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court --on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Only if a plaintiff shows "good cause" will the court extend time for service. *Id.* Plaintiff's feeble excuse for being incommunicado with this Court for nearly three years would not be "good cause" for delayed service, even if this case were still pending.

But the fact that a final judgment of dismissal has been entered presents a far greater hurdle. To set aside that judgment, Plaintiff is required to proceed under Rule 60, Fed. R. Civ. P. Based on the grounds asserted, the undersigned construes Plaintiff's request as seeking relief under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." However, a motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment…." Rule 60(c)(1). Accordingly, in addition to failing to demonstrate any reasonable semblance of good cause on the merits for failing to update the Court with his address or timely serve the Defendant, Plaintiff's Rule 60 motion to vacate the judgment in this case is itself untimely.

### III. Conclusion and Recommendation

Accordingly, it is **RECOMMENDED** that Plaintiff's motion to reopen this case (Doc. 11) be **DENIED**. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and

4

Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GUY JARRETT,

    Plaintiffs,

        v.

LARRY GREENE, et al.,

    Defendants.

Case No. 1:22-cv-456

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).